| | | | |
|---|---|---|---|
| | AUSA: Susan Fairchild | | Telephone: (313) 226-9577 |
| AO 91 (Rev. 11/11) Criminal Complaint | Agent: Sarah A. Soles | | Telephone: (810) 989-5056 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Meng Qui LIN

Case No.  Case: 2:23-mj-30145
Assigned To : Unassigned
Assign. Date : 4/7/2023
USA V. LIN (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 4, 2023__ in the county of __St. Clair__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Unlawful Re-entry after Removal from the United States |

This criminal complaint is based on these facts:

On or about April 4, 2023, in the Eastern District of Michigan, Southern Division, Meng Qui LIN, an alien from Canada was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about June 10, 2020, and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

☑ Continued on the attached sheet.

_____
Complainant's signature

Sarah A. Soles, Border Patrol Agent
Printed name and title

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: __April 7, 2023__

_____
Judge's signature

City and state: __Detroit, Michigan__

Kimberly Altman, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT**

I, Sarah A. Soles, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Border Patrol and I have been employed in this capacity since June of 2009. Currently, I am assigned to the Marysville Border Patrol Station. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed material from the official immigration file and system automated data relating to Meng Qui LIN, which attests to the following:

2. Meng Qui LIN is a forty-eight year old male, native of China and citizen of Canada, who last entered the United States at or near Algonac, Michigan, on or about April 4, 2023 without being admitted, inspected or paroled by an Immigration Officer.

3. On or about December 2, 2015, LIN was admitted into the United States as a B2 Visitor for Pleasure via LaGuardia Airport in New York, New York, for a period not to exceed June 2, 2016. Records indicate that LIN did not depart the United States by that time, therefore, overstaying his Visa.

4. On February 27, 2020, LIN was arrested by the San Bernadino, California Sheriff's Office for Theft of Utility Services (felony). LIN was released the following day and there is no record of charges filed or warrant issued.

5. On February 28, 2020, LIN was apprehended by ICE Enforcement and Removal Operations (ERO) in Ranch Cucamonga, California as a Nonimmigrant Overstay. LIN was served a Notice to Appear (I-862) and held in DHS custody until his removal proceedings.

6. On March 18, 2020, LIN was granted a Voluntary Departure under safeguards by an Immigration Judge. LIN did not satisfy the requirements of the Voluntary Departure by failing to make travel arrangements.

7. On April 16, 2020, LIN's Voluntary Departure was changed to a Final Order of Removal by an Immigration Judge in Adelanto, California. LIN was removed from the United States to Canada on June 10, 2020, via Los Angeles, California.

8. On April 4, 2023, Border Patrol Agents encountered LIN near Algonac, Michigan. LIN admitted to being a citizen of Canada, who had illegally entered the United States from Canada on a boat near Algonac, Michigan. LIN was placed under arrest and transported to the Marysville Border Patrol Station for processing.

9. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

10. Review of records from the alien file (A# xxx xxx 023) for LIN and queries in U.S. Department of Homeland Security databases confirm that no record exists of LIN obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his removal on June 10, 2020.

11. Based on the above information, there is probable cause to believe that, on or about April 4, 2023, at or near Algonac, MI, in the Eastern District of Michigan, Southern Division, Meng Qui LIN, an alien from Canada was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about June 10, 2020, at or near Los Angeles, California and not having obtained the express consent from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8,

United States Code, Section 1326(a).

_____
Sarah A. Soles, Border Patrol Agent
U.S. Department of Homeland Security

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable Kimberly Altman
United States Magistrate Judge

Dated: April 7, 2023

3